UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CHARLES F. McVAY
UNITED STATES TRUSTEE
BARBARA C. JUE
TRIAL ATTORNEY
606 N. Carancahua St.
Wilson Plaza West, Suite 1107
Corpus Christi, Texas  78476
Telephone:  (361)888-3261
Fax:  (361)888-3263

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| SAN BENITO HEALTH CARE I, LLC | § | 05-11412-B-11 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

### MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7

**LOCAL RULE 9013(b) NOTICE:** THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE:

   COMES NOW, THE UNITED STATES TRUSTEE, ("UST"), through the undersigned counsel, who respectfully moves for an Order converting this case to chapter 7 pursuant to 11 U.S.C. § 1112(b)(1)(2)( 3)(4).  In support of its motion, the UST states the following:

1. San Benito Health Care, LLC ("Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on October 7, 2005.

2. The Debtor has not filed monthly operating reports ("MORs") since March 2006. The Debtor has failed to file the April, May and June 2006 MORs with the Court.

3. The MORs filed in this case have been reviewed and a worksheet is attached that summarizes the reported results over the 6 months that MORs have been filed. The conclusion of the MOR analysis is that the MORs are inconsistent and unreliable to understand the results of the Debtor's financial operations.

4. Review of the filed MORs shows many problems and discrepancies exist in the financial reports of operations. Some of the major problems in the MORs are as follows:

    a. Total accrual revenues are $10,175,000 over 6 months on MOR-6. Total cash receipts are $3,131,000 over 6 months on MOR-7. While there are differences between accrual and cash accounting, the differences are usually timing differences of when revenues are booked. This large difference is illogical and unexplained.

    b. Net income is $387,000 over 6 months on MOR-6. Net cash flow is -$63,099 over 6 months on MOR-7. This large difference is illogical and unexplained.

    c. Ending cash on MOR-7 does not agree with ending cash on MOR-8, the bank reconciliation report. For example, March ending cash on MOR-7 is -$63,099 and ending cash on MOR-8 per the bank reconciliation is $56,176. This large difference is unexplainable. They should always agree.

    d. The debtor paid $5,000 in UST Fees in January 2006. No UST Fees are reported on MOR-7.

    e. Payments to Insiders on MOR-9 are unreported. Insiders include owners, shareholders, officers of the Debtor and payments include salary, commission, bonus payments, owner's draws, etc.. There have most certainly been payments to insiders during the 6 months from October 2005 to March 2006.

    f. Payments to Professionals on MOR-7 over 6 months total $92,000. Payments to Professionals on MOR-9 over 6 months total $3,000, being 2 months where $1,500 each was paid to Enrique Ledesma, CPA. This large difference is illogical and unexplained.

5. No payments to attorney Richard Hoffman are reported on MOR-9. Richard Hoffman and Enrique Ledesma have both been hired by the court. No interim fee application has been filed by Mr. Hoffman or by Mr. Ledesma.

6. The Debtor filed a disclosure statement on March 18, 2006 (Docket #46) and a plan of reorganization on March 31, 2006 (Docket #48). The disclosure statement has never had

a request for a hearing date to be set.

7. The Debtor's failure to demonstrate successful ongoing financial operations and performance during the case, failure to comply with Debtor-in-possession duties to file timely and accurate operating reports and go forward on its plan of reorganization are causes to convert this case to chapter 7.

8. It is in the best interest of creditors that this case be converted to chapter 7 rather than dismissed because the Debtor may have unencumbered assets to be liquidated, or the business may have the potential to be sold as an ongoing business serving San Benito.

WHEREFORE, the UST prays that this Court enters an order converting this case to a chapter 7 case, and for any further relief as may be equitable and just.

Respectfully submitted,

CHARLES F. McVAY
UNITED STATES TRUSTEE

By:  /s/Barbara C. Jue
Barbara C. Jue
Texas Bar No. 11768550
606 N. Carancahua St., Ste. 1107
Corpus Christi, TX  78476
Telephone:  (361)888-3261
Fax:  (361)888-3263